Exhibit A

| | | |
|---|---|---|
| STATE OF SOUTH CAROLINA | ) | IN THE COURT OF COMMON PLEAS |
| | ) | |
| COUNTY OF SALUDA | ) | |
| | ) | |
| Manuel Mendez Moha as Personal Representative of the Estate of Santiago Mendez Moha, Deceased, | ) ) ) ) | Case No.: **SUMMONS** **(JURY TRIAL DEMANDED)** |
| Plaintiff, | ) ) | |
| -v.- | ) ) ) | |
| Valley Proteins Inc., Defendants. | ) ) | |

TO: THE DEFENDANT ABOVE-NAMED:

YOU ARE HERE SUMMONED and required to answer the Complaint in the above-entitled action, a copy of which is hereby served upon you, and to serve your Answer to said Complaint upon the subscriber at his office, 37 Broad Street, Charleston, South Carolina 29401 with in thirty (30) days after the service hereof, and if you fail to answer said Complaint within the aforesaid time, judgment by default will be rendered against you for relief demanded in the Complaint.

<u>esigned/Mark Calhoun</u>
Bar No. 12917
CALHOUN LAW FIRM
Mark R. Calhoun, Esquire
37 Broad Street
Charleston, SC 29401
(843) 991-5631
Attorney for the Plaintiff

This 4th day of November, 2021

Charleston, South Carolina

ELECTRONICALLY FILED - 2021 Nov 04 9:50 AM - SALUDA - COMMON PLEAS - CASE#2021CP4100187

| | |
|---|---|
| STATE OF SOUTH CAROLINA ) | IN THE COURT OF COMMON PLEAS |
| ) | |
| COUNTY OF SALUDA ) | |
| ) | |
| Manuel Mendez Moha as Personal ) | Case No.: |
| Representative of the Estate of ) | |
| Santiago Mendez Moha, ) | **COMPLAINT** |
| Deceased, ) | **(Negligence-Wrongful Death)** |
| ) | **Jury Trial Demanded** |
| Plaintiff, ) | |
| ) | |
| -versus- ) | |
| ) | |
| ) | |
| Valley Proteins Inc., ) | |
| Defendant. | |

Plaintiff, complaining of Defendants alleges as follows:

1. Santiago Mendez Moha (hereinafter referred to as "Decedent"), who died intestate on November 20, 2018.

2. Thereinafter on August 20, 2019 Manuel Mendez Moha, brother of Decedent was duly qualified and appointed as the Personal Representative of Decedent's estate by the Lexington County Probate Court and is duly authorized to act on behalf of Decedent's estate.

3. That the plaintiff brings this action pursuant to S.C. Code §15-51-10 *et. seq*, for the beneficiaries of Santiago Mendez Moha, deceased.

4. Upon information and belief Derek Padget Stoudemayer, (hereinafter 'Stoudemayer') an employee and agent of Valley Proteins Inc. is now, and was at all times pertinent hereto, a resident of Saluda County, South Carolina.

5. At all times material to the allegations contained herein, Stoudemayer was the servant, agent, and/or employee of the Defendant Valley Proteins Inc.. Defendant Valley Proteins Inc. is an out of state corporation who conducted business in and out of Saluda County, South

Carolina through its resident employee/agent Derek Padget Stoudemayer. By virtue of the doctrine of *respondeat superior,* Defendant Valley Proteins Inc. is liable for the damages caused by its servant, agent, and/or employee Derek Padget Stoudemayer.

6. That on November 20, 2018 at or about 4:45 p.m. Stoudemayer was operating a 2012 Ford Truck in a southerly direction on Augusta Road (U.S. 1) near the intersection of Caulks Ferry Road in Lexington County, South Carolina while working for Defendant Valley Proteins Inc.

7. At that same time and location, Decedent, a pedestrian, was attempting to cross Augusta Road in a westerly direction near the intersection of Caulks Ferry Road and Augusta Road in Lexington County, South Carolina.

8. Upon information and belief and at the time herein in question as Stoudemayer drove along Augusta Road and approached Caulks Ferry Road and as Decedent attempted to cross the center turning lane of Augusta Road, Stoudemayer violently struck Decedent throwing him into the air and down the roadway causing his death.

9. As the Decedent was walking across Augusta road, Stoudemayer negligently, recklessly, willfully and wantonly struck the Decedent proximately causing Decedent's wrongful death.

10. That as a direct and proximate result of Stoudemayer's actions, Decedent sustained fatal injuries to his body, endured great pain and suffering until his death. Additionally, Plaintiff has suffered the loss of love, companionship, care and comfort of Decedent, has suffered mental pain and anguish and has incurred funeral and burial expenses.

ELECTRONICALLY FILED - 2021 Nov 04 9:50 AM - SALUDA - COMMON PLEAS - CASE#2021CP4100187

ELECTRONICALLY FILED - 2021 Nov 04 9:50 AM - SALUDA - COMMON PLEAS - CASE#2021CP4100187

11. That Stoudemayer directly, by his acts or omissions was guilty of negligence, gross negligence, recklessness, willfulness, and wantonness in one or more of the following particulars, to wit:

    a. In operating his vehicle too fast for the conditions then and there existing;

    b. In failing to keep proper control of his vehicle;

    c. In failing to keep a proper lookout;

    d. In failing to sound his horn, if any he had;

    e. In failing to apply brakes, slow down, stop or turn aside and avoid the collision;

    f. In failing to take the necessary measures to avoid the collision when he knew or should have known that collision with the pedestrian Decedent was imminent;

    g. In failing to yield the right-of-way to the pedestrian Decedent who was in the center lane;

    h. In failing to exercise due care to avoid colliding with the pedestrian Decedent considering all of the conditions then and there existing;

    i. In failing to act as a reasonably prudent person would have acted under the same or similar circumstances; and

    j. in any such other particulars as may be ascertained through discovery procedures undertaken pursuant to the South Carolina Rules of Civil Procedure.

all of which as a result Plaintiff is entitled to an award of actual and punitive damages in an amount to be determined by a jury.

12. The direct and proximate result of the negligence, gross negligence, recklessness, willfulness and wantonness, of Stoudemayer, was the wrongful death of the Decedent causing the Plaintiffs damages including:

    a. Pecuniary loss;

b. Loss of society;

c. Loss of guidance;

d. Loss of comfort;

e. Wounded feelings;

f. Grief and sorrow;

g. Funeral expenses;

h. Property damage;

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory damages in an amount to be proven at trial and punitive damages in an amount to be determined by a jury at the trial of this action for the defendants negligence, gross negligence, willful, wanton and reckless conduct, for costs and disbursements of this action and for such other and further relief as the Court may deem just and proper.

esigned/Mark Calhoun
Bar No. 12917
CALHOUN LAW FIRM
Mark R. Calhoun, Esquire
37 Broad Street
Charleston, SC 29401
(843) 991-5631

Attorney for the Plaintiff

November 4, 2021

Charleston, South Carolina